IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIED PACIFIC FOOD (DALIAN),　　　　Civil Action No.: 07-1982(HHK)
COMPANY LIMITED,
a foreign Limited Company,

        Plaintiff,

vs.

U. S. FOOD AND DRUG
ADMINISTRATION, ANDREW C. VON
ESCHENBACH, M.D., Commissioner,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MICHAEL O. LEAVITT, Secretary,

        Defendants.
_____/

## PLAINTIFF'S REQUEST FOR A THIRTY DAY EXTENSION OF TIME TO FILE ITS OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

Plaintiff, ALLIED PACIFIC FOOD (DALIAN), COMPANY LIMITED, ("Allied") respectfully moves for a thirty day extension of time to file its opposition to the defendants' motion to dismiss.

The grounds for this motion are fully set forth in the accompanying Certification of Mitchell S. Fuerst, Esq. in Support of the Plaintiff's Request for a Thirty Day Extension of Time to File its Opposition to the Defendants' Motion to Dismiss.

Dated this 4th day of February, 2008.

                                Respectfully submitted,

                                *Andrew S. Ittleman, Esq.*
                                Andrew S. Ittleman, Esq.
                                Attorney of Record for
                                Allied Pacific Food (Dalian) Co., Ltd.
                                Florida Bar No. 802441
                                Fuerst Humphrey Ittleman, PL

        1001 Brickell Bay Drive,
        Suite 2002
        Miami, FL 33131
        305-350-5690 (o)
        305-371-8989 (f)
        aittleman@fuerstlaw.com


        *Eric Bloom, Esq.*
        Eric Bloom, Esq.
        DC Bar No. 417819
        Winston & Strawn
        1700 K. Street, N.W.
        Washington, D.C. 20006-3817
        T: (202) 282-5000
        F: (202) 282-5100
        ebloom@winston.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing agreed motion (and attached proposed order) to be served via the District Court's electronic filing system upon:

        Andrew E. Clark
        Senior Trial Counsel
        Office of Consumer Litigation
        U.S. Department of Justice
        PO Box 386
        Washington, DC 20044
        andrew.clark@usdoj.gov

this 4th day of February, 2008.

        *Eric Bloom, Esq.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIED PACIFIC FOOD (DALIAN),   Civil Action No.: 07-1982(HHK)
COMPANY LIMITED,
a foreign Limited Company,

        Plaintiff,

vs.

U. S. FOOD AND DRUG
ADMINISTRATION, ANDREW C. VON
ESCHENBACH, M.D., Commissioner,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MICHAEL O. LEAVITT, Secretary,

        Defendants.
_____/

### CERTIFICATION OF MITCHELL S. FUERST, ESQ. IN SUPPORT OF THE PLAINTIFF'S REQUEST FOR A THIRTY DAY EXTENSION OF TIME TO FILE ITS OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

MITCHELL S. FUERST, ESQ. respectfully certifies as follows:

1. I am an attorney at law admitted to practice in the State of Florida. My motion to appear *pro hac vice* in this case is presently pending before the Court.

2. I am counsel to the plaintiff in this case, Allied Pacific Food (Dalian) Company Limited ("Allied"). If called as a witness to testify to the instant issue, I could testify to the following facts based on my personal knowledge.

3. The complaint in this case was filed on November 2, 2007. At the time that the Complaint was filed, FDA – based upon Import Alert 16-131 – had detained eight shipments of Allied's frozen, breaded shrimp at ports in California. Because of these detentions, it was feared that said shrimp shipments would have been refused by FDA, that such refusals would have been published by FDA on its OASIS website, and

1

that the Chinese government, upon learning of FDA's refusals, would have revoked Allied's exporting privileges, and thereby caused many millions of dollars in damages.

4. Import Alert 16-131 mandates the detention without physical examination of all Chinese aquaculture products imported into the United States. The Import Alert further mandates that third-party laboratories perform examinations of Chinese aquaculture products using acceptable FDA methods, the results of which, under FDA policy, are to be provided directly to FDA.

5. The Import Alert also provides that certain firms may become exempt under the Import Alert if they (the firms) satisfy the following criteria:

> 1) Documentation showing that <u>a minimum of five (5) consecutive entries</u> have been released by FDA based on third-party laboratory analysis of a representative sample of the lot verifying that products do not contain malachite green and its metabolite leucomalachite green, nitrofurans, gentian violet, leucogentian violet and fluoroquinolones. The chart provided above identifies which residues should be screened for each species. Third-party laboratory must use methods acceptable to FDA (e.g., see http://www.cfsan.fda.gov/seafood1.html); and
>
> 2) Documentation, from an appropriate third-party (e.g. a government inspection authority such as AQSIQ) demonstrating that an inspection of the processor was conducted and that the seafood was processed in accordance with FDA's Seafood HACCP regulations, 21 CFR part 123, including controls for aquaculture drugs. See 21 CFR 123.12(a).
>
> Documentation should include test results of any products sampled during the course of

the inspection, demonstrating that the products do not contain malachite green or its metabolite leucomalachite green, nitrofurans, gentian violet, leucogentian violet or Fluoroquinolones; and

3) Documentation that the processor is in compliance with all Chinese government requirements for exporting aquacultured seafood to the U.S.

Documentation should include copies of any registration that may be required by the Chinese government.

Documentation should include copies of any registration that may be required by the Chinese government.

6. At the time the Complaint was filed, Allied had already satisfied each of the Import Alert's Exemption requirements. FDA nevertheless refused to grant Allied exempt status. Accordingly, because FDA continued to arbitrarily and capriciously detain virtually all of Allied's shipments, and because FDA's detentions threatened to permanently shut Allied out of business, I, on behalf of the Plaintiff, had prepared a motion for a temporary injunction against the defendants. The purpose of the contemplated injunction would have been to force the FDA to place Allied on the Import Alert's Exemption List for the duration of this litigation.

7. I, along with my law partner (Christine Humphrey, Esq.) and my law firm's in-house Customs and International Shipping Consultant (Mr. Jorge de Tuya) attended a meeting with FDA at FDA's headquarters in Maryland on November 13, 2007. We attended at the invitation of Eric Blumberg, Esq. of FDA's Office of Chief Counsel. During that meeting, we provided FDA with copies of Allied's amended HACCP plans, evidence of more than thirty consecutive cleared entries, the Audit Report

prepared by the United States Department of Commerce following its own on-site HACCP inspection of Allied, and the credentials of Allied's HACCP Auditors. All of that documentation satisfied the exemption requirements as set forth in the Import Alert, and I left that meeting believing that this case would soon be settled.

8. On November 19, 2007, after FDA had continued to improperly detain several Allied shipments, I emailed Mr. Blumberg concerning several Allied shrimp entries that FDA would not release, and I advised Mr. Blumberg that if the entries were not released, we would have no choice but to seek relief from the Court. Mr. Blumberg responded as follows:

> I will pass this to fda and staff attys. I share your desire to resolve short of suit: however, tomorrow seems unrealistic partic since we haven't even received the doc dox yet. On the positive side, isn't fair to say that all decisions toi date have gine your way? Rushing to ct isn't going to give you a magical favorable resolution, only diver our resources to defense rather than resolution.
> I will talk to fda and staff tomorrow. Let's u and I and staff lawyers talk early pm tomorrow. Ok?

(Attached hereto as Exhibit 1 is Mr. Blumberg's November 19, 2007 email.) Based on Mr. Blumberg's email (sent via Blackberry), based on the good-faith telephone conversations that I had with Mr. Blumberg in the days that followed, and most particularly based on the meeting that Andrew Ittleman, Esq. and I had with Mr. Blumberg, David Mednick, Esq. and Karen Schifter, Esq. (both of FDA Office of Chief Counsel), I advised my client that it was in its best interest not to move for the injunction.

9. As a result of the Import Alert's mandatory Detention Without Physical Examination policy, Allied – even though it had plainly satisfied each of the Import Alert's Exemption requirements – was still threatened with the prospect of having all of

4

its future imports detained indefinitely and without any rational basis. It was therefore Allied's desire to be placed on the Import Alert's exemption list, and I, throughout December 2007, had many discussions on Allied's behalf with FDA towards that end.

10. In a letter to me from Mr. Domenic Veneziano (Director, FDA's Division of Import Operations and Policy (DIOP)) dated December 7, 2007, I was advised that a further requirement was being added to the Import Alert. In that letter, Mr. Veneziano advised me as follows:

> [G]iven the learning curve experienced by regulators around the world in shifting to HACCP-based inspections, FDA's current view is that, before it can be confident in the qualify of a given auditor, it should verify that the auditor understands the science, the product, the processing technology and the principles of HACCP and can apply them in different processing plant settings. Thus, in addition to reviewing a processing plant's HACCP paperwork and a third-party's credentials, FDA believes it would be prudent, at this early stage of this program, to conduct its own on-site audits of the auditor's work until it gains confidence that the specific auditor or auditors are properly applying HACCP principles.

In other words, according to FDA, Allied – which already had an on-site inspection of its facilities by the United States Department of Commerce – would not be exempted from the Import Alert unless and until the FDA conducted its own on-site inspection of Allied. The Import Alert, of course, sets forth no such "on-site inspection" requirement for a company like Allied to achieve exempt status.

11. Throughout December 2007, Ms. Humphrey, Mr. de Tuya and I worked diligently with FDA to secure the release of the eight pending entries which were still under detention. As the result of our efforts, all of Allied's shrimp entries had been

5

released by December 22, 2007. Following that release, Allied had more than fifty consecutive shipments successfully imported and released by FDA.

12. The government moved to dismiss this case on January 2, 2008. Since that time, consistent with our previous efforts to settle this case outside of court, Ms. Humphrey, Mr. de Tuya and I have been working with FDA in an effort to have Allied inspected by FDA as soon as possible. As of today's date, it is not yet known whether that inspection will ever occur.

13. In an email dated February 2, 2008, Ms. Humphrey requested from counsel for FDA as follows:

> [I]n light of our ongoing good faith efforts to amicably resolve this case with you - we will be asking the AUSA on Monday to assent to our request for a continuance of our response date to the government's motion to dismiss the complaint. Given our ongoing efforts we request that you advise DOJ to consent to our request for the extension.

(Ms. Humphrey's email to Counsel for FDA is attached hereto as Exhibit 2.)

14. On February 4, 2008, Karen Schifter, Esq. responded as follows:

> While the government may extend you the courtesy of trying to accommodate a request for an extension of a few days to complete your papers, we will not recommend consenting to an indefinite extension until your client is fully satisfied with the status of its administrative requests and proceedings.

*Id.*

15. FDA's refusal to allow for a meaningful extension of time to file an opposition to the government's motion to dismiss was not only made in bad faith, but it is wholly inconsistent with the good faith efforts that I have consistently employed to resolve this case without the need for judicial intervention. Indeed, as I previously noted

6

in this Certification, I, on behalf of Allied, was prepared to move for a restraining order against the defendants in this case as early as November 2007. However, when counsel for FDA asked that I not do so because such a motion would only disturb settlement negotiations, I did not file the motion. Had I filed that motion and received the injunctive relief that I was seeking at that time, this case would be in an entirely different posture.

16. In light of all of these facts, I have grave concerns that counsel for FDA have abused the above-described settlement negotiations so as to secure a more favorable position in this litigation.

17. On behalf of Allied, I respectfully request a thirty day extension to file an opposition to the government's motion to dismiss.

I declare under penalty of perjury undedr the laws of the United States that the foregoing is true and correct.

Executed this 4th Day of February, 2008, in Miami, Florida.

_____
MITCHELL S. FUERST, ESQ.
Counsel for the Plaintiff

**From:** Blumberg, Eric [eric.blumberg@fda.hhs.gov]
**Sent:** Monday, November 19, 2007 7:14 PM
**To:** Mitchell Fuerst; Schifter, Karen; Mednick, David
**Subject:** Re: Status Report Request

I will pass this to fda and staff attys. I
share your desire to resolve short of suit: however, tomorrow seems unrealistic partic since we haven't even received the doc dox yet.  On the positive side, isn't fair to say that all decisions toi date have gine your way?
Rushing to ct isn't going to give you a magical favorable resolution, only diver our resources to defense rather than resolution.
I will talk to fda and staff tomorrow.  Let's u and I and staff lawyers talk early pm tomorrow. Ok?

----- Original Message -----
From: Mitchell Fuerst <MFuerst@fuerstlaw.com>
To: Blumberg, Eric; Mednick, David; Schifter, Karen
Cc: Christine Humphrey <ChristineHumphrey@fuerstlaw.com>
Sent: Mon Nov 19 18:57:43 2007
Subject: Status Report Request

Rick,

I wanted to send you the following update so that you are aware of what we understand to be the current status of the progress and the lack thereof with respect to the issues underlying the pending complaint for injunction.  As we discussed last week, we have been optimistic that we could reach a resolution in the short term.

Concerning the nitrofuran entries:

Currently, we have confirmed releases on AQZ-0251860-6 and AQZ-0251621-2.

The following entries are pending

595-4331551-5
AQZ-0251619-6
AQZ-0251620-4

Based upon FDA's release of 2 of these entries, we expect that the remaining 3 will be released as it id clear that FDA has reviewed the totality of the evidence and concluded that the entries are admissible.  The same evidence has been provided for all pending entries.  We would like to know when these pending entries will be released.  John Verbetin of DIOP has indicated to us today that CFSAN and DFS are still "analyzing" the evidence. We cannot fathom any conclusion as to these pending entries other than release which would be consistent with the actions taken on entries AQZ-0251860-6 and AQZ-0251621-2. We would like to know when these pending entries will be released.

Concerning the GV entries:

Thunder Bay GV entry AQZ-AQZ-0250569-4 has been released with the exception of one line which is pending.

Entry AQZ-0250573-6 is pending.

Certified Labs VP Steven Mitchell has spoken to LA and confirmed that the entries were proven compliant and should be admissible due to an alteration in the GV LIB which originally required HPLC analysis and was later modified by DFSAN due to known errors in the methodology.  After Certified conducted mass spectrometry in lieu of HPLC - all entries were found negative for GV.  Again, the totality of the evidence weighed in FDA's decision to release this entry and we are confident that the remaining line will also be released.  Steven Mitchell also forwarded a letter, for the administrative record, to FDA today confirming these facts.  We would like confirmation as to when we can expect a release for this entry.

Pacific Supreme GV entry: AQZ-0250069-5

This entry was also analyzed as described above for the Thunder Bay entry.  Steven Mitchell also forwarded a letter, for the administrative record, to FDA today confirming that this entry was tested using HPLC versus mass spectrometry. We would like confirmation as to when we can expect a release for this entry.

Concerning CFSAN paper review of USDC audit:

We have spoken with Steven Mitchell of USDC and have requested that the USDC reports be expedited to CFSAN. Additionally, we have supplemented the previously submitted 2 audits with the requested CVs in an effort to validate the credentials of those auditors that previously audited Allied in June 2007 in response to FDA's Import Alert.

We believe the previous audits are sufficient to gain exemption immediately. We have also been transparent in our efforts to share all USDC information with CFSAN in a timely fashion. We do not believe that our exemption status should be delayed given the totality of all evidence presented to date.

It is my intention to work with you Rick. However, I need to know that we can gain resolution tomorrow or we will have to file the injunction.

Mitchell S. Fuerst, Esq.
Fuerst Humphrey Ittleman
1001 Brickell Bay Drive
Suite Two Thousand Two
Miami, Florida 33131
Direct: (305) 350-5691
Cell: (305) 975-4430
mfuerst@fuerstlaw.com
www.fuerstlaw.com

IMPORTANT: This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§2510-2521, and contains information which is or may be confidential and/or privileged. The information contained in this e-mail message, together with any attachments or links contained herein, is strictly confidential and intended only for the use of the recipient named above. If the reader of this email is not the intended recipient, you are notified that any use, distribution, or copying of this communication is STRICTLY PROHIBITED. If you have receive this communication in error, please notify Christine M. Humphrey immediately by telephone (786) 245-0440, and return the original message to her at the above address via the United States Postal Service. Thank You.

TAX ADVICE DISCLOSURE and NOTICE OF CONFIDENTIALITY

Pursuant to Internal Revenue Service Circular 230, we are required to advise you that if there is any tax advice contained in this email, it was neither written nor intended by the sender or this firm to be used, and cannot be used, by the addressee, recipient, or any taxpayer, for the purpose of avoiding penalties that may be imposed by or under United States law, including but not limited to the Internal Revenue Code. Moreover, if any person intends to use or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, the regulations under Circular 230 require that we advise you as follows: (1) This writing is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties that may be imposed on a taxpayer; (2) The taxpayer should seek other or additional advice based on the taxpayer's particular circumstances from an independent tax advisor.

 <<Mitchell S. Fuerst.vcf>>

# Andrew Ittleman

**From:** Schifter, Karen [karen.schifter@fda.hhs.gov]
**Sent:** Monday, February 04, 2008 1:48 PM
**To:** Christine Humphrey; Mednick, David
**Cc:** Blumberg, Eric; Mitchell Fuerst; Andrew Ittleman; andrew.clark@usdoj.gov
**Subject:** RE: Allied Inspection by FDA and Response to Motion to Dismiss

Christine,

Your client is involved in ongoing administrative processes and FDA cannot predict the precise timing or the outcome of upcoming events. However, we have tried to provide you with timely updates on the status of your client's various requests of the past few months. With respect to the trip to China, FDA has informed you that it seeks to arrange that trip as soon as practicable and intends to include a visit to your client's facility under the conditions described in our December 7, 2007 letter. As we have made clear, the arrangements for conducting an inspection in China in particular involve parties and factors outside of FDA's control. We do not have any more recent information than what David Mednick communicated to you on February 1.

With regard to your request for an extension, we believe, as we argued in our brief, that your complaint was premature and should be dismissed on that basis (as well as other bases). We continue to hold that view. While the government may extend you the courtesy of trying to accommodate a request for an extension of a few days to complete your papers, we will not recommend consenting to an indefinite extension until your client is fully satisfied with the status of its administrative requests and proceedings.

Karen Schifter

**From:** Christine Humphrey [mailto:ChristineHumphrey@fuerstlaw.com]
**Sent:** Sat 2/2/2008 2:45 PM
**To:** Mednick, David; Schifter, Karen
**Cc:** Blumberg, Eric; Mitchell Fuerst; Andrew Ittleman
**Subject:** Allied Inspection by FDA and Response to Motion to Dismiss

Dear David,

At this juncture, our client has achieved every goal with the exception of being placed on the exemption list of IA 16-131. We are confident that we can resolve this suit if FDA inspects Allied ASAP. We understand that AQSIQ has a "list" of companies that FDA will audit. We cannot control AQSIQ's decision as to whether Allied is on the AQSIQ "list". We do believe, however, that FDA - in continued good faith efforts to resolve the pending suit, can, should and must visit Allied to resolve the last hurdle that remains in satisfying FDA's resistance to adding Allied to the exemption list on IA 16-131.

We would like a letter from CFSAN or any other appropriate division stating something to the affect that FDA will visit Allied and when this will occur. All points of the Alert's provisions for exemption have been met. We, at this moment, believe that if FDA wants to be confident of AQSIQ's audit, Thurber and Cook's audit, DOC's audit etc. - the duty is on the FDA to ensure that Allied is paid an inspectional visit by FDA. We do not want to remain in limbo - where the FDA states that it is AQSIQ's decision to choose firms - FDA can - on its own and in lieu of the pending suit - pay a visit to Allied so we may have the opportunity to be placed on the exemption list of IA 16-131.

Additionally, in light of our ongoing good faith efforts to amicably resolve this case with you - we will be asking the AUSA on Monday to assent to our request for a continuance of our response date to the government's motion to dismiss the complaint. Given our ongoing efforts we request that you advise DOJ to consent to our request for the extension.

Best regards,

Christine M. Humphrey, Esq.
Fuerst Humphrey Ittleman
1001 Brickell Bay Drive

Suite Two Thousand Two
Miami, Florida 33131
Direct: (786)245-0439
Cell: (786)368-4189
chumphrey@fuerstlaw.com
www.fuerstlaw.com

IMPORTANT: This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. §§2510-2521, and contains information which is or may be confidential and/or privileged. The information contained in this e-mail message, together with any attachments or links contained herein, is strictly confidential and intended only for the use of the recipient named above. If the reader of this email is not the intended recipient, you are notified that any use, distribution, or copying of this communication is STRICTLY PROHIBITED. If you have receive this communication in error, please notify Christine M. Humphrey immediately by telephone (786) 245-0440, and return the original message to her at the above address via the United States Postal Service. Thank You.

TAX ADVICE DISCLOSURE and NOTICE OF CONFIDENTIALITY

Pursuant to Internal Revenue Service Circular 230, we are required to advise you that if there is any tax advice contained in this email, it was neither written nor intended by the sender or this firm to be used, and cannot be used, by the addressee, recipient, or any taxpayer, for the purpose of avoiding penalties that may be imposed by or under United States law, including but not limited to the Internal Revenue Code. Moreover, if any person intends to use or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement, the regulations under Circular 230 require that we advise you as follows: (1) This writing is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties that may be imposed on a taxpayer; (2) The taxpayer should seek other or additional advice based on the taxpayer's particular circumstances from an independent tax advisor.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIED PACIFIC FOOD (DALIAN),　　　　　Civil Action No.: 07-1982(HHK)
COMPANY LIMITED,
a foreign Limited Company,

        Plaintiff,

vs.

U. S. FOOD AND DRUG
ADMINISTRATION, ANDREW C. VON
ESCHENBACH, M.D., Commissioner,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MICHAEL O. LEAVITT, Secretary,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR A THIRTY DAY EXTENSION OF TIME TO FILE ITS OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court on the Plaintiff's motion for a thirty day extension of time to file its opposition to the Defendants' motion to dismiss. Being advised in the premises, it is hereby Ordered and Adjudged as follows:

The Plaintiff's motion is GRANTED.

The Plaintiff's opposition to the defendants' motion to dismiss must be filed no later than March 5, 2008.

SO ORDERED this _____ day of February, 2008.

                                                _____
                                                HENRY H. KENNEDY
                                                United States District Judge