UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PACIFIC FOOD (DALIAN) COMPANY, LIMITED,<br><br>           Plaintiff,<br><br>      v.<br><br>U.S. FOOD & DRUG ADMINISTRATION, *et. al.*,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 07-1982 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S REQUEST FOR A THIRTY-DAY EXTENSION OF TIME

Defendants, the United States Food and Drug Administration ("FDA"), Andrew C. von Eschenbach, Commissioner of Food and Drugs, the United States Department of Health and Human Services ("HHS"), and Michael O. Leavitt, Secretary of HHS, submit this response to Plaintiff's Request for a Thirty Day Extension of Time to File Its Opposition to the Defendants' Motion to Dismiss. The government has no objection to an additional brief extension of time to allow plaintiff Allied Pacific Food ("Allied") to complete its opposition to the government's pending motion to dismiss, which was filed on January 2, 2008. In fact, the government has already agreed to an 18-day extension, which the Court endorsed on January 15, 2008. However, the government did not agree to Allied's second request for an extension of time which, when presented to the government, sought to stay further briefing on the government's motion to dismiss for an indefinite period until the FDA administrative proceedings involving Allied are

resolved.[1]

## BACKGROUND

A brief recitation of the essential facts may clarify the current posture of this case. Allied is a foreign producer of farmed shrimp that seeks to import its products into the United States. Allied had several administrative requests open at the time it filed suit. FDA worked diligently with Allied's representatives to resolve several of these matters and to narrow the scope of the dispute between the parties.

As of late December 2007, there was only one administrative request referenced in the complaint that remained pending. Currently, farmed shrimp from China may be detained before release into United States commerce pending test results that show whether the shrimp is free from certain potentially injurious contaminants. On September 10, 2007, Allied submitted a request to FDA to have its products removed from that process. After subsequent discussions with and additional information provided by Allied, FDA informed Allied by letter dated December 7, 2007 that FDA would not be able to resolve Allied's request for removal from the detention process until FDA representatives traveled to China to conduct their own review at Allied's facility. *See* Defendants' Mot. to Dismiss (Jan. 2, 2008) Ex. 2 at 3-4. FDA explained that, although it hoped to make its next trip in January or February 2008, the timing of such a visit would be determined in part by factors outside FDA's control, including actions by the

---

[1] We also note that Allied should not need such a lengthy extension inasmuch as counsel has stated that he had long ago prepared papers for preliminary relief. Those papers should reduce to a minimum the amount of additional time needed by Allied to prepare its opposition papers. Finally, we note that Allied has waited until the last possible moment to seek an extension. This smacks of gamesmanship and should not be encouraged.

Chinese government. *See id.* at 4. However, FDA affirmed that, provided there were no adverse developments, FDA intended to make every effort to include Allied in that next trip. *See id.*

FDA has not yet been able to set a date for a trip to China. After FDA has gathered the necessary information, however, FDA will decide whether to remove Allied from the detention process for Chinese farmed shrimp. Other than that pending unresolved application for removal from the detention process, there is nothing that could be considered "settlement negotiations" currently underway between the parties.

## PROCEEDINGS IN THIS CASE

On January 2, 2008, sixty days after Allied served its complaint, the government filed a motion to dismiss, arguing in part that Allied's complaint was untimely because it was filed before the completion of the appropriate administrative processes. The government further argued that the Court lacked jurisdiction and that Allied had failed to state a claim on several counts.

In mid-January, Allied requested an extension of time to respond to the government's motion, and the government agreed to an 18-day extension until February 4, 2008. Government counsel explained, however, that the government would not be willing to consent to a series of extension requests. Allied subsequently requested an update on the status of scheduling a visit to Allied's facility in China. FDA replied that it had not yet been scheduled and again made clear that there are parties and factors outside FDA's control that affect the timing of an investigational trip to China.

On Saturday, February 2, two days before the extended deadline for its opposition brief, plaintiff's counsel requested from FDA an indefinite "continuance" of the deadline for filing an

opposition brief to the government's motion to dismiss, as well as a commitment to a deadline for FDA's resolution of the pending administrative matter (in spite of FDA's previous explanation that it did not fully control the timing).  *See* Email from Christine Humphrey to David Mednick and Karen Schifter (Feb. 2, 2008) attached to Plaintiff's Request of a Thirty Day Extension.  The government indicated that it would agree to a short extension for completing Allied's opposition papers.  However, FDA could not provide a precise timetable for the inspection in China and would not agree to an indefinite extension of the litigation deadline.

## DISCUSSION

Allied is in the peculiar posture of seeking to delay the litigation it initiated.  Allied filed its lawsuit at a time when it had several open administrative proceedings before the agency, and some of these matters have since been resolved to its satisfaction.  Allied may now believe that the continuation of the administrative process is more advantageous than pursuing litigation, and therefore seeks to delay the litigation.  However, if that is Allied's assessment, then it should simply dismiss its lawsuit, which it may do without prejudice at this juncture of the proceedings.  If it wishes to continue to pursue the litigation, however, it has had ample time to respond to the government's objection that Allied's claims are unripe and without a proper jurisdictional basis.  Allied should not be permitted, through a series of extension requests, to continue to delay the litigation while it decides whether or not it wants to pursue it.

In support of its motion, Allied submitted a certification from counsel that discusses some background information regarding administrative matters that the parties have already resolved, as well as inflammatory accusations directed at government counsel – none of which are justified.  Most of the discussion contained in counsel's certification – the detailed background,

the accusations and mis-characterizations, and Allied's strategic considerations regarding whether or not to seek preliminary relief – is irrelevant to the pending request for an extension of time, and may be disregarded by the Court.

Moreover, Allied's accusation of bad faith is inconsistent with plaintiff's counsel's description of working with FDA throughout November and December 2007 to resolve many of the matters referenced in Allied's complaint. At bottom, the accusation of bad faith consists of nothing more than the government's unwillingness to give Allied a *carte blanche* extension of time to keep this case pending until Allied decides whether it is in its interest to proceed with the litigation it initiated. Allied filed the lawsuit, the government responded as required under the rules, and Allied should commit to either litigate or dismiss.

## CONCLUSION

The government stands ready to litigate Allied's complaint now. If Allied would rather wait for the completion of the administrative process, it should dismiss its complaint. While the government does not object to affording Allied a further short extension of time to complete its papers, the government cannot countenance a series of extensions intended to indefinitely postpone a lawsuit that was prematurely filed in the first instance. Allied should not be permitted to maintain this lawsuit merely as a leveraging tool while it continues to pursue its objectives in other arenas.

                                                  Respectfully submitted,

Of Counsel:

| | |
|---|---|
| JAMES C. STANSEL | JEFFREY S. BUCHOLTZ |
| Acting General Counsel | Acting Assistant Attorney General |
| | |
| GERALD F. MASOUDI | C. FREDERICK BECKNER III |
| Associate General Counsel | Deputy Assistant Attorney General |
| Food and Drug Division | |
| | EUGENE M. THIROLF |
| ERIC M. BLUMBERG | Director |
| Deputy Chief Counsel, Litigation | |
| | |
| KAREN E. SCHIFTER | |
| Associate Chief Counsel, Litigation |       /s/       |
| U.S. Dept. of Health & Human Services | ANDREW E. CLARK |
| Office of the General Counsel | Senior Trial Counsel |
| 5600 Fishers Lane | Office of Consumer Litigation |
| Rockville, MD  20857 | U.S. Department of Justice |
| (301) 827-1152 | PO. Box 386 |
| | Washington, D.C.  20044 |
| | (202) 307-0067 |
| February 6, 2008 | andrew.clark@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing Memorandum in Response to Plaintiff's Request for a Thirty-Day Extension of Time to be served via the District Court's electronic filing (ECF) system upon:

Eric W. Bloom
WINSTON & STRAWN, LLP
1700 K Street, NW
Washington, D.C.  20006
*Counsel for Plaintiff Allied Pacific Food (Dalian) Co., Limited*

this 6th day of February, 2008.

                                                      /s/
                                            Andrew E. Clark