**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLIED PACIFIC FOOD (DALIAN),         Civil Action No.: 07-1982 (HHK)
COMPANY LIMITED,
a foreign Limited Company,

       Plaintiff,

vs.

U. S. FOOD AND DRUG
ADMINISTRATION, ANDREW C. VON
ESCHENBACH, M.D., Commissioner,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MICHAEL O. LEAVITT, Secretary,

       Defendants.
_____/

### PLAINTIFF'S MOTION TO STRIKE EXHIBIT 1 OF THE DEFENDANTS' REPLY IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Plaintiff, ALLIED PACIFIC FOOD (DALIAN) COMPANY, LIMITED ("Allied"), by and through its undersigned counsel, and moves this Court to strike Exhibit 1 of the Reply in support of the Defendants' motion to dismiss the Plaintiff's Amended Complaint. In support of this motion to strike, Allied respectfully states as follows:

On March 31, 2008 – three days before the Defendants' reply was due to be filed – Counsel for the Defendants (Andrew Clark, Esq.) telephoned undersigned counsel (Andrew Ittleman, Esq.) seeking the Plaintiff's agreement on a motion for an extension of time that the Defendants wished to file. Undersigned counsel advised Mr. Clark that the Plaintiff had no objection to the Defendants' motion. Accordingly, later that day, the Defendants filed their unopposed motion for an extension of time to file their reply [DE

14]. On the morning of April 1, 2008, this Court entered an order ruling that the Defendants' reply was due on or before April 8, 2008.

The Defendants filed their reply in support of their motion to dismiss the Plaintiff's Amended Complaint [DE 15] on the evening of April 8, 2008. When the Defendants' reply was filed, counsel for the Plaintiff received the Defendants' reply via the Court's Electronic Case Filing System ("ECF").

Attached to the Defendants' reply as Exhibit 1 was a letter addressed to counsel for the Plaintiff that was purportedly dated April 4, 2008, i.e. one day after the original due date of the Defendants' reply. According to the Defendants, the April 4, 2008 letter stands for the proposition that Allied's application for exemption under the Import Alert is still being considered by FDA and that therefore, Allied's claims are premature; *see* Defendants' Reply, at pp.7, 8-9.

As revealed in the attached certifications[1] of the identified recipients of FDA's April 4, 2008 letter (Mitchell S. Fuerst, Esq. and Christine Humphrey, Esq.), the first time that either Mr. Fuerst or Ms. Humphrey learned that an April 4, 2008 letter existed was on April 8, 2008 when undersigned counsel received the Defendants' reply with the letter attached as Exhibit 1 via the Court's ECF system. Despite the availability of electronic mail- and facsimile-transmitted correspondence, the Defendants made no effort independent of the filing of their reply to present the April 4, 2008 letter to either Allied or its attorneys. Additionally, at the time that Allied's lawyers received the April 4, 2008 letter via the Court's ECF system, portions of the letter were redacted.

---

[1]    Mr. Fuerst's certification is attached hereto as Exhibit 1 and Ms. Humphrey's certification is attached hereto as Exhibit 2.

2

As is also revealed in the attached certifications of Mr. Fuerst and Ms. Humphrey, FDA's original, non-redacted April 4, 2008 letter did not arrive at Mr. Fuerst's and Ms. Humphrey's office until April 14, 2008, i.e. ten days after it was purportedly signed. The letter arrived at Mr. Fuerst's and Ms. Humphrey's office via United States Mail.

FDA's April 4, 2008 letter, as well as the Defendants' reliance upon it as evidence that the Plaintiff's claims are somehow premature, should be stricken and should not be considered by this Court in ruling on the Defendants' motion to dismiss. In short, the letter is simply not what it purports to be.

First, FDA's April 4, 2008 letter was not – as the Defendants offer in their reply – "issued" to the Plaintiff on April 4, 2008. As previously stated, counsel for Allied received a redacted version of the letter via ECF when the Defendants' filed their reply brief on April 8, 2008. Counsel for Allied did not receive the original transmission of the letter until April 14, 2008 via United States Mail.

Furthermore, the April 4, 2008 letter is not descriptive of the relationship that existed between the parties as of April 4, 2008. In the Defendants' reply, the Defendants specifically relied upon the April 4, 2008 letter as evidence that Allied's claims are premature: "That letter reminded Allied that FDA was still awaiting the information from Allied regarding Allied's HACCP program that FDA had requested in its December 2007 letter." *Id.* The Defendants' argument – like their very creation of the April 4, 2008 letter – is nothing more than a transparent effort to bootstrap a meritless legal argument and backfill the record to create an appearance of ongoing negotiations between Allied and FDA.

Fuerst, Humphrey, Ittleman, PL
1001 Brickell Bay Drive, Ste. 2002, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fuerstlaw.com

Allied respectfully reminds the Court that on two occasions subsequent to FDA's June 27, 2007 enactment of the Import Alert at issue in this case, Allied applied to FDA for exempt status under the Import Alert. Allied tailored its two applications so as to follow the directives contained in the Import Alert, and both applications were considered by Mr. Domenic Veneziano, Deputy Director of FDA's Division of Import Operations and Policy (DIOP).

Following Allied's formal applications, Mr. Veneziano, on behalf of FDA, via letters dated October 31, 2007 and December 7, 2007, rejected Allied's applications. In the December 7, 2007 letter, Mr. Veneziano advised Allied that no Chinese firms may be exempted from detention without physical examination unless and until FDA conducts its own on-site inspection of such firm's Chinese facilities. However, Mr. Veneziano also acknowledged that such a visit to China was largely hypothetical, because "there are factors outside of FDA's control that may limit our ability to do so." As such, FDA's rejection of Allied's application for exemption under the Import Alert constituted final agency action.

Mr. Veneziano's April 4, 2008 letter is no different than his December 7, 2007 letter. In short, like the December 7, 2007 letter, the April 4, 2008 letter directs Allied to furnish FDA with information not required by the terms of the Import Alert itself, and it advises Allied that its ability to become exempt under the Import Alert hinges on FDA's willingness and ability to take a hypothetical trip to China where it (FDA) may inspect Allied's Chinese facilities according to an undisclosed and undefined collection of standards and rules. The April 4, 2008 letter, which sends Allied into the same interminable purgatory that the December 7, 2007 letter did, only bolsters Allied's

4

assertions that FDA has taken final agency action in this case and that this action is therefore ripe.

In conclusion, the Defendants have, at the eleventh hour and under very questionable circumstances, manufactured evidence towards the end of confusing the record and creating an appearance that Allied's claims are not ripe. Such conduct should not be tolerated by this Court. Accordingly, Exhibit 1 of the Defendants' reply should be stricken and should not be considered by the Court in ruling on the motion to dismiss filed by the Defendants.

WHEREFORE, for the foregoing reasons, the Plaintiff, ALLIED PACIFIC FOOD (DALIAN) COMPANY, LIMITED, by and through its undersigned counsel, respectfully requests that this Court enter an order striking Exhibit 1 of the Defendants' Reply in Support of the Defendants' Motion to Dismiss.

Dated this 15th day of April, 2008.

Respectfully submitted,

_Andrew S. Ittleman, Esq._
Andrew S. Ittleman, Esq.
Florida Bar No. 802441
Mitchell S. Fuerst, Esq.
Florida Bar No. 264598
Attorney of Record for
Allied Pacific Food (Dalian) Co., Ltd.
Fuerst Humphrey Ittleman, PL
1001 Brickell Bay Drive,
Suite 2002
Miami, FL 33131
305-350-5690 (o)
305-371-8989 (f)
aittleman@fuerstlaw.com

5

_Eric Bloom, Esq._
Eric Bloom, Esq.
DC Bar No. 417819
Winston & Strawn
1700 K. Street, N.W.
Washington, D.C.  20006-3817
T: (202) 282-5000
F: (202) 282-5100
ebloom@winston.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing agreed motion (and attached proposed order) to be served via the District Court's electronic filing system upon:

Andrew E. Clark
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC 20044
andrew.clark@usdoj.gov

this 15th day of April, 2008.

_Andrew S. Ittleman, Esq._

FUERST, HUMPHREY, ITTLEMAN, PL
1001 BRICKELL BAY DRIVE, STE. 2002, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FUERSTLAW.COM

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT 1 OF THE DEFENDANTS'
REPLY IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE
PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALLIED PACIFIC FOOD (DALIAN),              Civil Action No.: 07-1982(HHK)
COMPANY LIMITED,
a foreign Limited Company,

        Plaintiff,

vs.

U. S. FOOD AND DRUG
ADMINISTRATION, ANDREW C. VON
ESCHENBACH, M.D., Commissioner,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MICHAEL O. LEAVITT, Secretary,

        Defendants.
_____/

**CERTIFICATION OF MITCHELL S. FUERST, ESQ. IN SUPPORT OF THE**
**PLAINTIFF'S MOTION TO STRIKE EXHIBIT 1 OF THE DEFENDANTS'**
**REPLY IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE**
**PLAINTIFF'S AMENDED COMPLAINT**

MITCHELL S. FUERST, ESQ. respectfully certifies as follows:

1.    I am an attorney at law admitted to practice in the State of Florida. My

motion to appear *pro hac vice* in this case is presently pending before the Court.

2.    I am counsel to the plaintiff in this case, Allied Pacific Food (Dalian)

Company Limited ("Allied"). If called as a witness to testify to the instant issue, I could

testify to the following facts based on my personal knowledge.

3.    At page 8 of the Defendants' reply brief, the Defendants asserted that a

letter was issued to me as counsel to Allied on April 4, 2008. That is simply not true.

4.      In fact, the first time that I knew that FDA had written an April 4, 2008 letter to me was on April 8, 2008, after the Defendants filed their reply brief via the Court's ECF system and the letter was attached as Exhibit 1.

5.      Of course, when I received the letter as an attachment to the Defendants' reply, certain portions of the letter had been redacted and were therefore incomprehensible.

6.      I did not receive the original version of the FDA's letter until April 14, 2008, when the letter arrived at my office via United States Mail. The original version of the letter bears the blue ink signature of Mr. Domenic Veneziano and bears a red "RECEIVED" stamp indicating that the letter was received at my office on April 14, 2008. The original version of the letter is available for inspection upon request.

7.      Accordingly, because the Defendants have offered the April 4, 2008 letter as being somehow reflective of the relationship between the parties on April 4, 2008, and because I did not actually receive the letter until after the Defendants' reply was filed, the letter should be stricken. The letter is simply not what it purports to be.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th Day of April, 2008, in Miami, Florida.

_____
MITCHELL S. FUERST, ESQ.
Counsel for the Plaintiff

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT 1 OF THE DEFENDANTS'
REPLY IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE
PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALLIED PACIFIC FOOD (DALIAN),           Civil Action No.: 07-1982(HHK)
COMPANY LIMITED,
a foreign Limited Company,

        Plaintiff,

vs.

U. S. FOOD AND DRUG
ADMINISTRATION, ANDREW C. VON
ESCHENBACH, M.D., Commissioner,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
MICHAEL O. LEAVITT, Secretary,

        Defendants.
_____/

## CERTIFICATION OF CHRISTINE HUMPHREY, ESQ. IN SUPPORT OF THE PLAINTIFF'S MOTION TO STRIKE EXHIBIT 1 OF THE DEFENDANTS' REPLY IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT

CHRISTINE HUMPHREY, ESQ. respectfully certifies as follows:

1.    I am an attorney at law admitted to practice in the State of Florida.

2.    I am counsel to the plaintiff, Allied Pacific Food (Dalian) Company Limited ("Allied"), although I do not plan on entering my appearance in this case. If called as a witness to testify to the instant issue, I could testify to the following facts based on my personal knowledge.

3.    It has come to my attention that the Defendants in this case have asserted that a letter was issued to me as counsel to Allied on April 4, 2008. That is simply not true.

1

4.    The first time that I knew that FDA had written an April 4, 2008 letter to me was on April 8, 2008, after the Defendants filed their reply brief in this case via the Court's ECF system and the letter was attached as Exhibit 1. Andrew Ittleman, Esq., who is my law partner and counsel to the Plaintiff in this litigation, made the letter available to me.

5.    Of course, when Mr. Ittleman first gave me the letter, certain portions of the letter had been redacted and were therefore incomprehensible.

6.    I did not receive the original version of the FDA's letter until April 14, 2008, when the letter arrived at my office via United States Mail.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th Day of April, 2008, in Miami, Florida.

CHRISTINE HUMPHREY, ESQ.
Counsel to Allied Pacific Food (Dalian) Co.

2