UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PACIFIC FOOD (DALIAN) COMPANY, LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, *et. al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 07-1982 (HHK) |

**DEFENDANTS' UNOPPOSED MOTION
FOR LEAVE TO RESPOND TO PLAINTIFF'S SURREPLY**

Defendants hereby move for leave to file a brief response to Plaintiff's Surreply in Opposition to the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint, which plaintiff filed with the government's consent on Thursday, April 24, 2008. As set forth in plaintiff's motion for leave to file a surreply, the government's assent to plaintiff's request was conditioned on, *inter alia*, the government having an opportunity to respond to plaintiff's filing should a response be warranted. Plaintiff further indicated in its motion that it would "have no objection to the Defendants' filing of a response to Allied's surreply, so long as such response is limited in scope to the contents of Allied's surreply brief." Motion at 3.

Allied has now filed its surreply brief and, as with its previously-filed motion to strike, has sought to raise issues concerning the circumstances surrounding the issuance of FDA's April 4 letter to Allied, including insinuations of improper conduct on the part of government counsel. The government seeks leave to file the attached response to Allied's surreply in order to clarify the record concerning the issuance of the April 4 letter and respond to Allied's arguments concerning the letter and its materiality.

Accordingly, defendants respectfully request that the Court grant leave to file the attached response.

| Of Counsel: | Respectfully submitted, |
|---|---|
| JAMES C. STANSEL<br>Acting General Counsel | JEFFREY S. BUCHOLTZ<br>Acting Assistant Attorney General |
| GERALD F. MASOUDI<br>Associate General Counsel<br>Food and Drug Division | C. FREDERICK BECKNER III<br>Deputy Assistant Attorney General |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | EUGENE M. THIROLF<br>Director |
| KAREN E. SCHIFTER<br>Associate Chief Counsel, Litigation<br>U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane<br>Rockville, MD  20857<br>(301) 827-1152 | _____/s/_____<br>ANDREW E. CLARK<br>Senior Trial Counsel<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>PO. Box 386<br>Washington, D.C.  20044<br>(202) 307-0067 |
| April 28, 2008 | andrew.clark@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Unopposed Motion for Leave to Respond to Plaintiff's Surreply to be served via the District Court's electronic filing (ECF) system upon:

Eric W. Bloom
WINSTON & STRAWN, LLP
1700 K Street, NW
Washington, D.C. 20006
*Counsel for Plaintiff Allied Pacific Food (Dalian) Co., Limited*

and

Andrew S. Ittleman
FUERST HUMPHREY ITTLEMAN, PL
1001 Brickell Bay Drive
Suite 2002
Miami, FL 33131
*Counsel for Plaintiff Allied Pacific Food (Dalian) Co., Limited*

this 28th day of April, 2008.

                                                            /s/
                                        Andrew E. Clark

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PACIFIC FOOD (DALIAN) COMPANY, LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION, *et. al.*,<br><br>    Defendants. | Civil Action No. 07-1982 (HHK) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY
IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS
THE PLAINTIFF'S AMENDED COMPLAINT**

Allied submitted a surreply to assert that an exhibit to defendants' reply brief was a *post hoc* rationalization that should be viewed critically by the Court. The exhibit in question is a copy of a letter, date-stamped April 4, 2008, that FDA issued to Allied in a parallel administrative proceeding involving the importation of Allied's aquacultured shrimp products, and that the government submitted to the Court to apprise it of the current status of that proceeding. Allied has failed to offer any reasonable rationale as to why the letter should be disregarded.

**BACKGROUND**

On September 10, 2007, Allied submitted to FDA an application to be removed from detention without physical examination ("DWPE") under IA 16-131 (under which FDA has advised field offices that they may "detain" without physical examination certain aquacultured seafood products originating in China and describes the types of information the importer may provide to demonstrate that their products are free of specific antibiotic and chemical residues).

Am. Compl. ¶ 36.  FDA responded by letter to Allied's counsel dated October 31, 2007, in which FDA described certain inadequacies in the application.  Am Compl. Ex. 3.  After meetings were held between Allied representatives and FDA officials, FDA issued a letter to Allied's counsel dated December 7, 2007.  Am. Compl. Ex. 4.  The December 7 letter further discussed the status of the application and stated that FDA would need further information regarding Allied's compliance efforts, including an FDA audit of Allied's third-party auditor at Allied's facility in China, before FDA could issue a decision on the application.  *Id*.  After several email and telephonic requests from Allied's counsel for an update on the status of scheduling a trip to China,[1] FDA sent Allied another letter, dated April 4, 2008, describing the current status of the application and reiterating the information that Allied needed to submit to FDA, some of which FDA had previously requested from Allied.  Def. Reply Mem. Ex. 1.  Plaintiff's surreply concerns the April 4 letter.

    Because plaintiff has taken issue with the "April 4" date-stamp on the letter, FDA has looked into the timing of the mailing of the letter.  FDA's Division of Import Operations and Policy ("DIOP") issued the letter according to its standard procedures:  (1) stamped with that day's date; (2) signed by DIOP's Director; (3) sealed in an envelope; and (4) placed in an "outgoing" mail box, which is (5) picked up by FDA mail staff on a twice daily basis.  FDA does not have any records that it would allow it to determine on what date and at what time the mail staff transmitted the letter from DIOP to the post office.[2]  Thus, although FDA can confirm that

---

[1] The most recent of these requests were made by Andrew Ittleman, counsel for Allied, by telephone calls to Karen Schifter, counsel for FDA, on March 18 and 31, 2008.

[2] Although FDA also has no record of when the letter was processed by the postal service, Allied presumably does – in the form of the postmarked envelope.

the first four steps above occurred on Friday, April 4, 2008, it is possible that the fifth step did not occur until Monday, April 7, 2008. It is also standard procedure for DIOP to use the United States mail when it does not consider the correspondence to be urgent.

I. **THE APRIL 4 LETTER IS MATERIAL TO THE RIPENESS OF ALLIED'S CHALLENGE TO THE PENDING ADMINISTRATIVE PROCEEDING**

In Count III of its amended complaint, Allied claims that FDA has arbitrarily and capriciously refused to grant Allied's application to remove it from DWPE under IA 16-13. The government submitted the April 4, 2008 letter to apprise the Court of the current status of the administrative proceeding involving Allied's application. As the government has maintained throughout this lawsuit, Allied's September 2007 application to FDA is still pending and under consideration, and Allied cannot simultaneously pursue an administrative remedy and judicial review regarding the same matter. Def. Mem. 27-33; Def. Reply 7-10.[3] It is black letter administrative law that a plaintiff must first conclude its administrative proceeding before seeking judicial review of that proceeding. *See, e.g., City of New Orleans v. SEC*, 137 F.3d 638, 639 (D.C. Cir. 1998) ("If a party pursues administrative and judicial relief concurrently, its petition for judicial review will be dismissed for lack of jurisdiction.") (citation and quotation marks omitted). The contents of FDA's December 7, 2007 and April 4, 2008 letters demonstrate

---

[3] Allied appears to misunderstand the government's ripeness argument in that it asserts that the government is trying "to create an appearance of ongoing negotiations between Allied and FDA." Plaintiff's Surreply at 4. *See also* Plaintiff's Unopposed Mot. for Leave to File Surreply at 1 ("The Exhibit was included in the Defendants' reply to support the Defendants' contention that negotiations between Allied and the FDA are ongoing."). There are no ongoing "negotiations." Rather, there is a pending administrative proceeding initiated by Allied, and FDA has not issued a final decision on Allied's application.

that FDA is still in the process of considering Allied's application.[4]

Allied asserts incorrectly that FDA's April 4 letter is a "*post h[o]c* rationalization." Plaintiff's Surreply at 3. An agency communication that is issued as part of and contemporaneous with the relevant administrative matter, however, is in no sense *post hoc*. *See Tourus Records, Inc. v. DEA*, 259 F.3d 731, 738 (D.C. Cir. 2001); *Fort Sumter Tours, Inc. v. Babbitt*, 202 F.3d 349, 357 (D.C. Cir. 2000) ("because it was a contemporaneous communication of the agency's final determination, it is as 'hoc' as a document can be"). Allied cannot establish that the letter is *post hoc* merely, as it suggests, because it was prepared "during the course of litigation." Plaintiff's Reply at 3. Because Allied brought this lawsuit while its application for removal from DWPE was still pending, every subsequent communication that FDA has issued and will issue in the administrative proceeding will occur during the course of litigation.

Allied appears to suggest that the administrative proceeding is concluded and therefore Allied's claims are ripe for review. Plaintiff's Surreply at 4-5. The government has already addressed most of these arguments and will not repeat them here. *See* Def. Reply at 9-10. It bears noting, however, that Allied has never withdrawn its application. In fact, FDA's April 4 letter was issued in part in response to requests made by Allied's counsel to FDA's counsel for an update on FDA's plans for a audit inspection trip to China.

---

[4] Even without the April 4, 2008 letter, the December 7, 2007 letter alone (in the absence of any subsequent decisional letter from FDA) demonstrates that Allied's application for removal from DWPE is still pending. Indeed, the government made the same ripeness argument in its March 12, 2008 motion to dismiss before FDA issued the April 4 letter. Allied concedes as much by asserting that the "April 4, 2008 letter is no different than [the] December 7, 2007 letter." Plaintiff's Surreply at 4.

**II.     THERE IS NO MERIT TO ALLIED'S ARGUMENTS REGARDING THE DATE OF THE LETTER.**

Allied makes much ado about the "April 4, 2008" date-stamp on FDA's letter, as well as the reference in the government's reply brief to the letter being issued on that date. However, Allied has failed to identify any legal significance connected to the precise date of the letter, any prejudice to plaintiff related to date when the letter was received, or any basis for an allegation of bad faith. Nor can it.

First, Allied overstates the length of the delay occasioned by its counsel's receipt of a hard copy of the letter on April 14, 2008, ten days after the April 4 date-stamp on the letter. Indeed, Allied concedes that counsel received an electronic copy of the letter on Tuesday, April 8, two business days after the date the letter was signed (on Friday, April 4). Although Allied complains that the version received on April 8 was redacted (to protect Allied's potentially confidential information because the letter was filed in the public docket), Allied's counsel could have simply called FDA to ask that an unredacted version be sent by other means.

Second, there is no legal or practical significance related to the precise date the letter was date-stamped or received. Although FDA's letter encourages Allied to "respond promptly" with the requested information, the letter contains no imminent deadline. No matter when the letter was signed, dated, mailed, and received, Allied would need to – and still needs to – submit the requested information to FDA if it wants to proceed with its application to be removed from DWPE. Nor has Allied identified any prejudice related to the date when the letter was received. The status of both the administrative proceeding and this lawsuit would be *exactly the same*, if the letter had been dated April 4, or April 8, or April 14, and whether it had been sent by

5

facsimile, overnight mail, or U.S. mail.

Third, Allied insinuates improper conduct on the part of government counsel connected with the timing of this letter but Allied offers no grounds for its assertions other than the overlapping dates. Regardless of the date on the letter and whether it issued before or after the date of the reply brief, the government would have submitted a copy of the letter to the Court to apprise it of the current status of the administrative proceeding. Thus, there is no basis for Allied's insinuation that the government had improper motives in asking for an extension of time to file its reply brief, or that the government "transparently designed" the April 4 letter solely for the purposes of filing it with its reply. Plaintiff's Reply at 1-2, 5. Allied has failed to identify any facts that would undercut the presumption of regularity that attaches to agency actions. *See FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C. Cir. 1992) ("As we have so often said, agencies are entitled to a presumption of administrative regularity and good faith, and with no indication that the [agency] will act cavalierly or in bad faith, its assertions . . . should be accepted at face value.") (citation and internal quotation marks omitted).

## CONCLUSION

Accordingly, Allied's Surreply offers no valid justification for the Court to disregard FDA's April 4, 2008 letter to Allied's counsel. For the foregoing reasons, and those set forth in the government's earlier memoranda, Allied's Amended Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |
| JAMES C. STANSEL<br>Acting General Counsel | JEFFREY S. BUCHOLTZ<br>Acting Assistant Attorney General |
| GERALD F. MASOUDI<br>Associate General Counsel<br>Food and Drug Division | C. FREDERICK BECKNER III<br>Deputy Assistant Attorney General |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | EUGENE M. THIROLF<br>Director |
| KAREN E. SCHIFTER<br>Associate Chief Counsel, Litigation<br>U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane<br>Rockville, MD  20857<br>(301) 827-1152 |       /s/<br>ANDREW E. CLARK<br>Senior Trial Counsel<br>Office of Consumer Litigation<br>U.S. Department of Justice<br>PO. Box 386<br>Washington, D.C.  20044<br>(202) 307-0067 |
| April 28, 2008 | andrew.clark@usdoj.gov |

## CERTIFICATE OF SERVICE

      I hereby certify that I caused the foregoing Response to Plaintiff's Surreply in Opposition to the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint to be served via the District Court's electronic filing (ECF) system upon:

    Eric W. Bloom
    WINSTON & STRAWN, LLP
    1700 K Street, NW
    Washington, D.C.  20006
    *Counsel for Plaintiff Allied Pacific Food (Dalian) Co., Limited*

and

    Andrew S. Ittleman
    FUERST HUMPHREY ITTLEMAN, PL
    1001 Brickell Bay Drive
    Suite 2002
    Miami, FL 33131
    *Counsel for Plaintiff Allied Pacific Food (Dalian) Co., Limited*

this 28th day of April, 2008.

                                                          /s/
                                          Andrew E. Clark

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIED PACIFIC FOOD (DALIAN) COMPANY, LIMITED,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION, *et. al.*,<br><br>           Defendants. | Civil Action No. 07-1982 (HHK) |

**ORDER**

Upon consideration of Defendants' Unopposed Motion for Leave to Respond to Plaintiff's Surreply, it is hereby

**ORDERED** that the motion is granted. The Defendants' Response to Plaintiff's Surreply in Opposition to the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint is hereby deemed FILED.

Dated this ____ day of _____, 2008.

_____
HENRY H. KENNEDY
United States District Judge